**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**TENNESSEE GAS PIPELINE COMPANY, L.L.C.** **PLAINTIFF**

**v.** **CAUSE NO. 4:26-CV-00174-RPC-DAS**

**12.066 ACRES IN ATTALA COUNTY, MISSISSIPPI; and FIA TIMBER GROWTH MASTER, LLC** **DEFENDANTS**

**ORDER GRANTING DEFENDANT'S [11] MOTION TO FILE OUT-OF-TIME ANSWER AND OTHER PLEADINGS**

Before the Court is Defendant FIA Timber Growth Master, LLC's ("FIA") Motion for Leave to File Answer and Responsive Pleadings out of Time. [Doc. 11]. Plaintiff Tennessee Gas Pipeline Company, L.L.C. ("TGP") is an oil and gas company seeking to condemn certain tracts of land in and around Mississippi to construct approximately 208 miles of natural gas pipeline pursuant to the Natural Gas Act.[1] TGP filed its Complaint on September 8, 2026, and its Motion for Partial Summary Judgment / Motion for Preliminary Injunction on September 8, 2026. [Doc. 1]; [Doc. 5]. Because FIA has not yet filed an answer and other responsive pleadings, it now seeks leave to file those documents out of time. For the reasons stated herein, the [Doc. 11] Motion is **GRANTED**.

***Standard of Review***

When a party does not seek an extension of a deadline until after the relevant filing deadline has passed, an extension may only be granted "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is a "somewhat elastic concept," one which "tak[es] account of all relevant circumstances surrounding the party's omission." ***Barksdale v.***

[1] *See* 15 U.S.C. § 717, *et seq*.

***Safeco Ins. Co. of Am.***, No. 4:25-cv-150-DMB-DAS, 2026 U.S. Dist. LEXIS 226173, at *2 (N.D. Miss. Sept. 25, 2026) (citation omitted). In determining whether a moving party has established excusable neglect, the Court considers the four ***Pioneer*** factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. ***In re CJ Holding Co.***, 27 F.4th 1105, 1112 (5th Cir. 2022) (citing ***Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship.***, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

The Fifth Circuit has recognized that "the ordinary meaning of neglect 'encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" ***L.A. Pub. Ins. Adjusters, Inc. v. Nelson***, 17 F.4th 521, 525 (5th Cir. 2021) (quoting ***Pioneer***, 507 U.S. at 388). "And the excusable neglect inquiry contains leeway for parties who make good-faith mistakes." ***Magee v. Columbia Police Dep't***., No. 2:24-cv-194-TBM-RPM, 2026 U.S. Dist. LEXIS 246376, at *3 (S.D. Miss. Jan. 28, 2026). The party seeking an extension of time bears the burden of demonstrating excusable neglect. ***Id***. at *4. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." ***Pioneer***, 507 U.S. at 391. Whether to grant or deny a motion to extend under Rule 6(b) is within the Court's discretion. *See* ***McCarty v. Thaler***, 376 F. App'x 442, 443 (5th Cir. 2010); *see also* ***Geiserman v. MacDonald***, 893 F.2d 787, 793 (5th Cir. 1990).

## *Analysis*

### I. Excusable Neglect – *Pioneer Factors*

FIA seeks leave to file an untimely answer, affirmative defenses, and a counterclaim, including its demand for a jury trial, as well as its response in opposition to TGP's Motion for

Partial Summary Judgment / Motion for Preliminary Injunction. *See* [Doc. 11]. Pursuant to this Court's local rules and the Federal Rules of Civil Procedure, FIA's answer was due on October 1, 2026—twenty-one days after service. *See* Fed. R. Civ. P. 71.1(e)(2). FIA's response to TGP's Motion for Partial Summary Judgment was due September 24, 2026—fourteen days after service of the motion. *See* L.U. Civ. R. 7(b)(4). On October 7, 2026, TGP filed its Notice of Past Deadlines and Waiver of Defenses. [Doc. 10]. FIA subsequently filed the pending Motion on October 16, 2026. [Doc. 11].

FIA contends that its failure to file the answer and response in accordance with the times allowed above was the result of excusable neglect under Fed. R. Civ. P. 6(1)(b). Specifically, FIA maintains that it was engaged in good-faith communications and active negotiations with TGP concerning compensation, acreage, configuration, heavy-haul crossing and access, and the terms of TGP's proposed easement form. FIA further explains that its counsel at the time was serving in a transactional capacity rather than a litigation capacity. Accordingly, the transactional counsel expected TGP to notify him when service was effectuated. FIA contends, however, that TGP served its registered agent on September 10, 2026, and that the service transmittal was addressed to FIA's operations manager rather than to counsel. According to defense counsel, she first learned that service had been effectuated on October 5, 2026, during the parties' ongoing negotiations and after the applicable deadlines. Based on these circumstances, FIA argues that its failure to timely file the proposed answer and other responsive pleadings constitutes excusable neglect under Rule 6(b)(1)(B), that it did not intentionally delay proceedings, acted in good faith, and that TGP will suffer no prejudice. *See* [Doc. 12 at 3-7].

TGP responds that FIA has failed to meet its burden demonstrating excusable neglect under the ***Pioneer*** factors. TGP first argues that FIA's failure to timely file its pleadings was within FIA's

reasonable control. Specifically, TGP maintains that it properly served FIA through its registered agent, who then notified FIA's operations manager of the service. FIA's operations manager subsequently failed to notify defense counsel because he did not understand that doing so was necessary. TGP attributes this reason for the delay to defense counsel's failure to take routine steps to ensure compliance with litigation deadlines. [Doc. 14 at 4-6]. TGP also argues that FIA's failure to timely respond was not in good faith because defense counsel knew about the litigation but failed to monitor the docket. In TGP's view, counsel's failure to act diligently weighs against a finding of excusable neglect. *Id.* at 6.

TGP also believes that it will suffer prejudice and that permitting FIA to file its proposed pleadings will disrupt the proceedings. TGP specifically asserts that FIA's proposed filings raise new disputes and theories, including a new counterclaim and a request for discovery, that cannot be resolved before January 1, 2027, the date on which TGP seeks to begin construction.[2] TGP maintains that any resulting delay could cause "unrecoverable costs, including move-around costs that may exceed $1,000,000 for a single tract," which TGP argues are against public policy. [Doc. 14 at 7]. Finally, TGP argues that even if the delay is considered to be on the shorter end of the spectrum, its limited duration does not excuse FIA's failure to comply with the applicable deadlines. *Id.* at 8.

Having considered the parties' arguments and the relevant circumstances, the Court finds that FIA has adequately demonstrated excusable neglect. First, the Court finds that TGP will not suffer undue prejudice if FIA is permitted to file its proposed pleadings. TGP acknowledges that its Motion cannot be granted as unopposed, that it still must prove the elements of its case, and that FIA's right to compensation remains regardless of any alleged waiver of defenses or

---

[2] The response specifically states that "pre-construction work" must occur before January 1, 2027.

objections. [Doc. 14 at 10, 14-15]. Although TGP identifies potential costs associated with delaying construction, the Court is not persuaded that permitting FIA to file its answer and response will necessarily result in such a delay. Should TGP object to any portion of FIA's answer or responsive pleadings, it may file the appropriate motion or response, and the Court will address those issues in due course. At this stage, the Court finds no basis to conclude that allowing FIA to file its proposed pleadings will materially delay the proceedings.

Second, the length of the delay and its potential impact on the proceedings weigh in FIA's favor. FIA filed its Motion on October 16, 2026, approximately two weeks after its answer was due and three weeks after its response to TGP's motion was due. Although the delay affected two separate filing deadlines, it has been relatively short. Moreover, the Court does not anticipate that permitting FIA to file its and answer and response will materially affect the scheduling or otherwise disrupt these proceedings. Accordingly, the first two ***Pioneer*** factors weigh in FIA's favor.[3]

Third, the Court considers the reason for the delay and whether it was within FIA's reasonable control. FIA maintains that its operational manager, who is not an attorney, failed to notify defense counsel that service had been effectuated. Although this failure may have been with FIA's control, the Court considers the circumstances surrounding the omission, including the fact that FIA was engaged in ongoing negotiations with TGP, that the service transmittal was addressed to the operations manager, and that its counsel at the time was serving in a transactional capacity. This confusion surrounding the circumstances suggest that FIA's reason for not answering or filing the responsive pleading timely was due to excusable neglect. The Court views the circumstances

[3] The Court also notes that TGP has several related pipeline condemnation actions pending before it in which service of process remains incomplete. In light of the procedural posture of those related actions, the Court is unpersuaded that permitting FIA to file its responsive pleadings will cause the type of delay or disruption TGP anticipates.

through the lens provided by ***Pioneer***—an omission caused by carelessness that may be excused. ***Pioneer***, 507 U.S. at 388.

At the same time, good-faith participation in settlement negotiations does not, standing alone, excuse a party's failure to comply with litigation deadlines. *See* ***Tyler v. IBEW, Local Union 130***, 2001 U.S. App. LEXIS 31213 (5th Cir. Sept. 10, 2001).[4] Here, the Court does not find that the ongoing negotiations independently excuse FIA's failure to timely file its pleadings. Rather, the negotiations provide relevant context for the delay, which resulted, at least in part, from an apparent failure to communicate notice of service to litigation counsel. Although this factor weighs somewhat against FIA, it is only one consideration in the Court's overall analysis, and the Court must evaluate it alongside the remaining ***Pioneer*** factors and the totality of the circumstances.

Finally, the Court finds that FIA acted in good faith. The record indicates that the delay arose, at least in part, while FIA and TGP were engaged in negotiations. The circumstances do not suggest that the failure to file the answer and response pleading was a dilatory tactic by FIA or an attempt to gain an advantage. Rather, the issue concerned notice of service being effectuated. Accordingly, the Court finds that the fourth ***Pioneer*** factor weights in FIA's favor.

Considering all four factors and the totality of the circumstances, the Court finds that FIA has demonstrated excusable neglect under Rule 6(b)(1)(B). Accordingly, FIA's [Doc. 11] Motion is **GRANTED**. FIA may file its proposed documents on or before November 9, 2026. Failure to do so will result in waiver of the applicable defenses and objections to the extent provided by the Federal Rules of Civil Procedure.

---

[4] The Fifth Circuit's opinion in ***Tyler*** is applicable even though it addresses Fed. R. Civ. P. 4. *See* ***Fick v. Lycee Francais de la Nouvelle Orleans, Inc.***, 2026 U.S. Dist. LEXIS 76062, at n.52 (E.D. La. Apr. 8, 2026) (explaining that the definition of excusable neglect has the same meaning across procedural contexts).

## II. TGP's Remaining Arguments

TGP further contends that, because FIA failed to timely file an answer or response, FIA has waived its objections and defenses and that default judgment is appropriate.[5] However, because the Court has determined that FIA's failure to timely file its pleadings resulted from excusable neglect and has permitted FIA to file those pleadings out-of-time, TGP's request for default judgment is **DENIED AS MOOT**.[6] TGP also acknowledges that, regardless of whether FIA is permitted to file the requested documents, TGP must still establish its entitlement to adequate compensation and the other relief it seeks. Thus, TGP's principal objection is for FIA not be able to file an answer that asserts its defenses, affirmative defenses, and response in opposition to summary judgment arguments. The Court finds no reason to prevent FIA from adequately presenting its defenses and arguments.[7] Should TGP believe that any portion of FIA's answer or responsive pleadings contains an impressible defense, objection, or argument, it may file the appropriate motion challenging the same. The Court will address any such challenges in due course.

**SO ORDERED,** this the 4th day of November, 2026.

UNITED STATES DISTRICT JUDGE

---

[5] The Court emphasizes that neither the [10] Notice nor the [14] Response are appropriate vehicles to request default judgment. *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court *must be presented by a motion*[.]")

[6] A default judgment is a drastic remedy that should be resorted to only in extreme situations. ***Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.***, 874 F.2d 472, 276 (5th Cir. 1989). Additionally, "entries of default are serious" and "any doubt should be resolved in favor…of securing a trial upon the merits." ***First Cousins, LLC v. 7211 BTCM LLC***, No. 3:25-cv-636-CWR-LGI, 2026 U.S. Dist. LEXIS 159970, at *4 (S.D. Miss. July 20, 2026) (citation omitted).

[7] The Court notes that permitting FIA to file its answer and responsive pleadings does not constitute a determination that every defense, affirmative defense, objection, or counterclaim asserted therein is legally permissible.